# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HOLSTON,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA PACIFIC ORTHOPAEDIC CENTER MEDICAL GROUP, INC., et al.,<br><br>Defendants. | Case No. 1:24-cv-00681-JLT-SAB<br><br>ORDER DISREGARDING STIPULATION OF DISMISSAL<br><br>(ECF No. 12)<br><br>**FOURTEEN DAY DEADLINE** |

Plaintiff filed this action against Sierra Pacific Orthopaedic Center Medical Group, Inc. ("Sierra Pacific") and Fresno Credit Bureau, doing business as Creditors Bureau USA ("Creditors Bureau") on June 11, 2024. (ECF No. 1.) On August 20, 2024, Creditors Bureau filed its answer to the complaint. (ECF No. 5.) Sierra Pacific has not filed an answer or motion for summary judgment. On December 3, 2024, Plaintiff filed a stipulation for dismissal of Sierra Pacific with prejudice. (ECF No. 12.)

Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, "a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." Com. Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)).

Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that a "plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties

1

who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). "As the express language of this rule indicates, for a dismissal under Rule 41(a)(1)(ii) to be effective, *all parties who have appeared must sign the stipulation*." Aswad v. ACA Receivables, L.L.C., No. CIV F 06-0835 AWI LJO, 2007 WL 427591, at *1 (E.D. Cal. Feb. 7, 2007) (emphasis added); see also Thacker v. AT&T Corp., No. 2:20-cv-00255 KJM CKD (PS), 2021 WL 1784873, at *1 (E.D. Cal. May 5, 2021), report and recommendation adopted, No. 2:20-cv-0255 KJM CKD (PS), 2021 WL 4168533 (E.D. Cal. Sept. 14, 2021).

A party may also dismiss an action by filing a motion requesting the Court to dismiss the action. Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court. Hamilton v. Firestone Tire & Rubber Co. Inc., 679 F.2d 143, 145 (9th Cir. 1982).

Here, Plaintiff has filed a stipulation that the action be dismissed with prejudice as to Defendant Sierra Pacific. (ECF No. 12.) Although the stipulation generally cites Rule 41, the Court construes the stipulation as one for dismissal pursuant to Rule 41(a)(1)(A)(ii). The stipulation is signed only by Plaintiff and Sierra Pacific, which has not appeared in this action. Defendant Creditors Bureau has filed an answer but is not a signatory to the stipulation. Plaintiff's stipulation for dismissal is therefore defective under Rule 41(a)(1)(A)(ii) because it is not a signed stipulation by all parties who have appeared. If Plaintiff wishes to dismiss this action against Sierra Pacific, it is required to comply with the procedures set forth in Rule 41.

Accordingly, Plaintiff's stipulation for dismissal (ECF No. 12) is HEREBY DISREGARDED. Plaintiff shall file a notice of dismissal of Sierra Pacific that complies with Rule 41 within **fourteen (14) days** from the date of entry of this order.

IT IS SO ORDERED.

Dated: **December 5, 2024**

STANLEY A. BOONE
United States Magistrate Judge